A96A2243. LANDAUER et al. v. LITSKY.
(480 SE2d 349)

BIRDSONG, Presiding Judge.

On May 29, 1996, the DeKalb Superior Court granted a default judgment in favor of Hyman Litsky against defendants Konrad Landauer, Joseph Karolyi, and Johannes Schwarzenburg, individually and as partners d/b/a Pin Oak Circle Partnership. The default judgment awarded Litsky $15,000 and voided and rescinded a purchase and sale agreement for incapacity, defective execution and inadequate consideration. An amended judgment filed May 30, 1996, ordered that the premises be delivered to plaintiff Litsky and that defendants "vacate the premises immediately forthwith with the assistance and under the supervision of the DeKalb County Sheriff's Department."

Landauer et al. filed notice of appeal of the default judgment on June 3, 1996. They contend the judgment was error because defendants were not personally served in accordance with OCGA § 9-11-4 (d) (7), because the process server who served defendants in Illinois was not duly appointed by the Georgia court per OCGA § 9-11-4 (c), and because the default judgment represented an unliquidated claim as to which there was no evidentiary hearing as required by OCGA § 9-11-55 (a). *Held*:

Appellee Litsky failed to file a brief in this appeal and the attor-

ney who filed his complaint, Steven A. Hart, is not heard from in this appeal, nor is there any record of withdrawal from the case by attorney Hart. Nevertheless, in the circumstances of this case we will address this case without prejudice to Litsky. The record shows that in the opinion of a Georgia Mental Health Institute psychologist stated in a letter filed of record, Litsky was not of sound mind when he entered the contract to sell property to defendants and "did not know what he was signing."

We find that any question presented by this appeal and these facts is moot and this Court is without jurisdiction of this appeal. The record reveals that on the day this notice of appeal was filed (June 3, 1996), The Honorable Judge Arnold Shulman, in view of appellants' motion to set aside the judgment or to stay the judgment on a showing that service of process may have been defective, issued an order staying the judgments of May 29 and 30, 1996, and ordering that "the parties shall take no further action to enforce said judgment until the above motion can be heard by this court."

According to the record, this stay of judgment pending a hearing on defendants' motion to set aside is still in effect. Therefore, this case and the entire record is remanded to the trial court for a hearing as stated in the trial court's order of June 3, 1996.

*Appeal dismissed and case remanded. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 23, 1997.

*Gerber & Gerber, Sanford J. Gerber,* for appellants.
*Hart & Hart, Steven A. Hart,* for appellee.